**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**ASSURED COLLECTIONS LLC,** **an Oklahoma Limited Liability Company;**<br>**ASSURED FINANCIAL LLC,** **an Oklahoma Limited Liability Company;**<br>**CHRISTOPHER PARKS,** **an individual;**<br>**CHRISTOPHER NOAH PARKS,** **an individual;**<br>**STEPHEN MILLER,** **an individual,**<br><br>***Defendants.*** | **Case No. 23-cv-0313-JDR-CDL** |

**CONSENT DECREE AND FINAL JUDGMENT AS TO DEFENDANT STEPHEN MILLER**

On July 24, 2023, Plaintiff, the United States of America, filed a Complaint for injunctive relief against Defendants Assured Collections LLC, Assured Financial LLC, Christopher Parks, Christopher Noah Parks, and Stephen Miller (collectively, "Defendants"), seeking to enjoin the alleged commission of a criminal fraud and false-statements scheme under 18 U.S.C. § 1345. The Complaint alleged that Defendants fraudulently and unfairly attempted to collect nonexistent and invalid consumer debts related to the sale of medical devices, in violation of 18 U.S.C. §§ 1035, 1341, and 1343. The Complaint also alleged that Defendant Stephen Miller exercised control over the business operations of Assured Collections LLC and Assured Financial LLC.

Defendant Stephen Miller and the United States (hereinafter the "Settling Parties") now seek to resolve the above-captioned litigation.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. On August 4, 2023, the United States moved for a preliminary injunction to enjoin Defendants from allegedly engaging in the ongoing violations of federal criminal laws contained within the United States' Complaint.

2. On October 18, 2023, following a two-day evidentiary hearing in September 2023, the Court issued a preliminary injunction finding that the United States has made a sufficient showing in support of the relief requested as required by Rule 65 of the Federal Rules of Civil Procedure and 18 U.S.C. § 1345.

3. This Consent Decree is neither an admission of liability by Defendant Miller, nor a concession by the United States of Defendant Miller's absence of liability. This Consent Decree is not intended, and shall not be construed, as a waiver of Defendant's Fifth Amendment right against self-incrimination, or of any other defenses that Defendant may assert in any other proceeding. Defendant Miller expressly reserves his Fifth Amendment right against self-incrimination and all other defenses in any other proceeding.

4. Defendant Miller does not admit the allegations in the Complaint except as specifically stated in this Consent Decree. For purposes of this action only, Defendant Miller admits the facts necessary to establish jurisdiction.

5. Defendant Miller waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Consent Decree, and agrees to bear his own costs and attorney fees.

6. The Settling Parties represent that they have negotiated and entered into this Consent Decree in good faith and will avoid litigation between the Settling Parties and that this Consent Decree is fair, reasonable, and in the public interest. The undersigned parties and counsel each represent that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind to this document the Party that he, she or it represents.

7. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant Miller and the final, complete, and exclusive agreement and understanding among the Settling Parties with respect to the settlement embodied in the Consent Decree.

8. The Settling Parties waive all rights to appeal or otherwise challenge or contest the validity of this Order. Notwithstanding this waiver, such waiver shall not extend to any right to appeal or otherwise challenge or contest the validity of any court or administrative action arising out of this Order.

**DEFINITIONS**

These definitions are agreed to by the Settling Parties solely for the purposes of resolving this civil matter through this consent decree. Nothing within this agreement binds the Settling Parties to these definitions in any other litigation or potential litigation.

1. The term "billing activity" shall mean billing health care claims to public and private health insurers, collecting monies from public and private health insurers, and appealing health care claim denials and entering into any agreements to engage in such activities.

2. The term "health care claims" shall mean any request for payment submitted to a public or private health insurer to cover the cost of a medical procedure.

3. Durable Medical Equipment ("DME") is a category of medical equipment that is defined in the Code of Federal Regulations as equipment that can withstand repeated use, is useful for someone who is sick or injured, can be used in the home, and is expected to last at least three years. 42 C.F.R. § 414.202.

4. Personally identifiable information ("PII") is any information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means, including but not limited to name, address, phone number, email address, gender, race, birth date, geographic indicators, social security numbers, taxpayer identification numbers, and financial account numbers.

5. Protected health information ("PHI") shall mean any data that relates to the past, present or future health of an individual; the provision of healthcare to an individual; or the payment for the provision of healthcare to an individual, including medical billing information such as information regarding an individual's insurer and insurance coverage, copays, coinsurance, and deductibles.

**ORDER**

NOW, THEREFORE, with the consent of the Settling Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

A. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 18 U.S.C. § 1345. Venue lies in the district pursuant to 28 U.S.C. § 1391(b)(2), because the violations alleged in the Complaint are alleged to have occurred in the Northern District of Oklahoma and Defendant Miller engages or has engaged in business in this judicial district. For purposes of this Consent Decree, or any action to enforce this Consent

Decree, Defendant Miller consents to venue in this judicial district and to the Court's continuing jurisdiction over this Consent Decree and any such action over Defendant Miller.

B. Defendant Miller, and any person or entity acting at the direction of or on behalf of Defendant Miller, is prohibited from destroying, altering, or concealing any documents, books, and records that are in the possession, custody, or control of Defendant, his respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' assets, finances, or business operations.

C. Defendant Miller, his heirs, agents, officers and employees, and all other persons and entities in active concert or participation with Defendant Miller are prohibited from directly or indirectly:

1) Violating 18 U.S.C. §§ 1035, 1341, or 1343;
2) Engaging in any additional billing activity, monetary transaction, or collections activity related to any healthcare claim (including but not limited to claims for DME reimbursement);
3) Asserting or causing to be asserted to any consumer that the consumer owes a healthcare-related financial obligation to any entity other than the entity that actually provided the healthcare product or service that originated the consumer's financial obligation;
4) Accepting or depositing or causing to be accepted or deposited any payments (in any form, including but not limited to paper checks, electronic transfers, or cash) from any consumer who received any notice of money owed to Assured Collections, LLC or Assured Financial, LLC;

5) Alienating or disposing or causing to be alienated or disposed of any money or property that Defendant knows or should know was obtained directly through any Assured Collections, LLC or Assured Financial, LLC collections activity, excluding any reasonable salary and bonuses previously paid to Defendant Miller through his employment;

6) Receiving or accepting any further money, property, proceeds, salary, bonuses or other compensation from Assured Collections, LLC or Assured Financial, LLC; and

7) Transferring or causing to be transferred any PII or PHI of any consumer.

D. Defendant Miller shall disclose this Order to any current, prospective, and/or future employee, employer, business partner, client, or associate in all situations where Defendant Miller's relationship, role, or activities could reasonably have any impact on healthcare or debt collection businesses or activities, including any purchasers or debt collectors who acquire any DME debt from any Defendant in this case or any Defendant-owned company.

E. The terms of this Consent Decree shall be binding on the heirs, purchasers, successors, transferees, or assignees of Defendant Miller and any DME companies owned by Defendant Miller.

F. This Consent Decree resolves all civil claims for the violations alleged in the United States' Complaint filed on July 23, 2023, against Defendant Miller.

G. This Consent Decree does not bind any criminal prosecuting authority, whether federal, state, or local.

H. This Consent Decree shall be binding upon the Settling Parties as of the date upon which this Consent Decree is signed and lodged with the Court, unless otherwise provided

expressly herein. If the Court declines to enter the Consent Decree, then the requirement to perform duties required by this Consent Decree shall terminate.

I. The United States shall retain all legal and equitable remedies available to enforce the provisions of this Consent Decree, including but not limited to an action against Defendant Miller for contempt. This Consent Decree shall not be construed to limit the rights of the United States to obtain future injunctive relief under 18 U.S.C. § 1345 or any other federal laws or regulations, except as expressly provided herein.

J. This Court shall retain jurisdiction to oversee compliance with the terms of this Consent Decree and to resolve any motions to modify or enforce such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

K. The Settling Parties shall bear their own costs of this action, including attorneys' fees.

DATED this 31st day of July, 2024.

BY THE COURT:

JOHN D. RUSSELL
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

CLINTON J. JOHNSON
United States Attorney

/s/ ____________________
Marianne Hardcastle, OBA No. 15054
Assistant United States Attorney
100 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: (918) 382-2748 | F: (918) 560-7938
Email: marianne.hardcastle@usdoj.gov

BRIAN BOYNTON
Assistant Attorney General
Civil Division

AMANDA LISKAMM
Director
Consumer Protection Branch
Civil Division

/s/ ____________________
WESLINE N. MANUELPILLAI
Trial Attorney
Consumer Protection Branch
United States Department of Justice
450 5th Street, N.W. Suite 6400S
Washington, D.C. 20001
Telephone: (202) 353-2809
Email: Wesline.N.Manuelpillai@usdoj.gov

FOR DEFENDANT STEPHEN MILLER:

/s/ ____________________
Matthew J. Primm
HAVEN LAW GROUP, PLLC
1874 S. Boulder Ave.
Tulsa, Oklahoma 74119
(918) 796-5738
Email: mprimm@havenlg.com
www.havenlg.com

/s/ ____________________
Stephen J. Miller
Defendant